IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| **LINDA M. MARTIN** | **PLAINTIFF** |
| V. | CIVIL ACTION NO.: 3:14cv656 HTW-LRA |
| **APPLE, INC.** | **DEFENDANT** |

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Linda Martin, through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, and the Family and Medical Leave Act of 1991 (FMLA), as amended, against Defendant, Apple, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Linda Martin, is an adult female resident of Madison County, Mississippi, residing at 316 Autumn Crest Drive, Ridgeland, Mississippi 39157.

2. Defendant, Apple, Inc., is a California corporation licensed to do business in the State of Mississippi. Defendant may be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

3. This court has federal question and civil rights jurisdiction for a cause of action arising under Title VII of the Civil Rights Act of 1964.

4. This Court has personal and subject matter jurisdiction over the Defendant and

venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on June 19, 2014, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF THE FACTS

6. Plaintiff was hired by the Defendant on October 22, 2010, as a Senior Manager.

7. During Plaintiff's employment with Defendant, Plaintiff was subjected to comments regarding Plaintiff's sex, female.

8. Plaintiff's supervisor, Jason Loshelder, on many occasions made comments about the female leadership in the store. Mr. Loshelder would talk openly about getting rid of the "women in the store." Mr. Loshelder told Brent Royer that he was going to have another female out of the store by May, 2013. On several occasions, Mr. Loshelder made the statement that it was difficult to get terminated from Apple and that they would push you out if they wanted you gone.

9. On many occasions, Plaintiff contacted Human Resources and they would apologize to Plaintiff for Mr. Loshelder's behavior towards Plaintiff. Human Resources failed Plaintiff by not following through on conversations that were promised and events that were told would take place.

10. Mr. Loshelder was at Plaintiff store one day and ask Plaintiff a question. Plaintiff told Mr. Loshelder that she did not know the answer to the questions. Mr. Loshelder, in front of all of Plaintiff's staff, said to Plaintiff, "Why are you here?"

11. When Plaintiff returned to work after being off on Family Medical Leave which resulted from Plaintiff's pregnancy, Mr. Loshelder asked Plaintiff if she would be capable of doing

her job with all her health issues.

12. Brandon Slay, a manager at one of the Defendant's stores, was off work on sick leave several times per week. Mr. Loshelder not one time ever coached Mr. Slay regarding his absences from work.

13. The Defendant's employee's are governed by a point system. The point system consisted of allowing no more than three points, or three absences, in a three month period. The fourth absence would result in being discharge. Mr. Slay was not discharged for his excessive absents from work.

14. Plaintiff was placed on a Performance Plan. The items listed on the Performance Plan were falsified and inaccurate. Plaintiff did not sign the document. Plaintiff reached out to Corporate to discuss the fact that she was wrongfully placed on a Documented Coaching. However, Corporate failed to make any changes. Plaintiff's work environment became almost unbearable. It was evident that Mr. Loshelder wanted Plaintiff gone and vocalized that to Plaintiff's staff and leaders inside and outside of the Defendant's store.

15. On June 22, 2013, Defendant terminated Plaintiff. Defendant did not give Plaintiff a reason for her discharge.

16. As such, Defendant has unlawfully discriminated against Plaintiff because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and unlawfully retaliated against Plaintiff because she took FMLA leave in violation of the Family and Medical Leave Act of 1991, as amended.

17. Defendant's actions were willful, intentional, and in reckless disregard for Plaintiff's rights protected by Federal Law.

<a>v</a>

## CAUSES OF ACTION
## COUNT ONE: VIOLATION OF TITLE VII - SEX DISCRIMINATION

18. Plaintiff incorporates the above paragraphs 1 through 17 as though specifically set forth herein and alleges as follows:

19. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex.

20. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

21. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard for the statutory rights of the Plaintiff.

22. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages as specified by Statute.

23. As direct and proximate result of Defendant's unlawful gender discrimination, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## COUNT TWO: VIOLATION OF THE FMLA - RETALIATION

24. Plaintiff incorporates the above paragraphs 1 through 23 as though specifically set forth herein and alleges as follows:

25. Defendant terminated Plaintiff in retaliation for qualifying for and/or taking federally protected leave under the FMLA, 29 U.S.C. §2601 *et seq*. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. In addition, it is unlawful for any employer to discharge or

discriminate against any individual for opposing any practice made unlawful by the FMLA.

26. Defendant retaliated against Plaintiff based on her FMLA leave and terminated her in violation of the FMLA.

27. Plaintiff also seeks all other relief, at law or in equity, to which she may show himself justly entitled.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Liquidated damages;
8. Any other relief to which she may be properly entitled.

THIS the 20th day of August, 2014.

Respectfully submitted,

LINDA M. MARTIN, PLAINTIFF

By: _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com